SHAWN N. ANDERSON
Acting United States Attorney
STEPHEN F. LEON GUERRERO
BELINDA C. ALCANTARA
Assistant U.S. Attorneys
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BYONG HEE KANG,<br><br>Defendant. | CRIMINAL CASE NO. 14-00034<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT BYONG HEE KANG'S MOTION TO TRAVEL** |

The United States hereby opposes Defendant's motion for leave to travel to Seoul, South Korea. The Defendant states, that he "is in need of an extensive medical examination and evaluation of his medications to forestall a deterioration of [his] fragile physical health which at his age and in his condition could rapidly decline rendering medical treatment unavailing." Defendant has failed to show that medical treatment cannot adequately be provided in the United States.

At the outset, the Government objects to the purported medical certificate, Defendant's Exhibit 1, to the Motion to Travel as it appears to be based on an outdated medical certificate

1

that is not a certified foreign record. Upon close examination, the date of diagnosis states: 02/03/2015. The Defendant's motion to be allowed to travel to Seoul, South Korea, based on an outdated medical certificate[1] which is not a certified foreign record calls the diagnosis into question and is more than two years old. Defendant was most recently evaluated physically in person by Dr. E. Fred Schroeder, Jr. on March 1, 2017. Dr. Schroeder's recent evaluation is filed under ECF Document no. 217, Defendant's Exhibit A. There is nothing remarkable in Dr. Schroeder's evaluation and no mention of the need for an immediate follow up. Dr. Schroeder's evaluation was recent and conducted in-person with Defendant, whereas Defendant's Exhibit 1 from Seog Sam Park is questionable and objectionable as based upon an outdated diagnosis, and has evidentiary issues. Additionally, Defendant's Exhibit 1 states in pertinent part the following:

> He is somewhat old and has weak physical condition and is on multiple medications for above diseases. In order to *prevent* urgent event and see if this medical treatments is working well he need to *follow-up* his conditions and extensive medical check-up in the specialized general hospital and in need change medications regularly.

(Italics added). Upon closer scrutiny, Defendant's Exhibit 1 submitted by Defendant Kang, among other things, does not support that the Defendant should go off-island specifically to a Korean hospital. Defendant's Exhibit 1 recommends merely a checkup in a "specialized general hospital," and we have such medical facilities on Guam that are adequate. Indeed, Defendant has sought Dr. Schroeder's services.

The United States opposes Defendant's request to travel to Seoul, South Korea, for several reasons. First, the request for medical treatment does not appear to be urgent, but simply for preventative and follow up measures. Secondly, the Defendant fails to establish that such preventative and follow up measures cannot be administered on Guam or anywhere within the

---

[1] On Defendant's Ex.1 "Medical Certificate," it is unclear what the "issued date: 04/19/2017" at the bottom refers to – is it the date of Dr. Park's acknowledgment of the 02/03/2015 Medical Certificate? As Defendant was physically on Guam on 04/19/2017, any diagnosis made appears to be based on the 02/03/2015 diagnosis.

United States.  Even the recommendation submitted does not specifically state that only a specialized medical facility in Korea can treat the Defendant. Instead, the Defendant seeks to obtain treatment in a foreign country, South Korea, where he will be outside the immediate subpoena power of this court.   It should be noted that pursuant to the March 20, 2017 Judgment of this court, Defendant was sentenced to home detention, and ordered to abide by all the requirements of the program which include location monitoring.  On April 26, 2017, the Probation Office filed a petition with the court stating that the Defendant had failed to obtain a landline necessary for the electronic monitoring.  (*See* ECF 239-1).  The Defendant was also admonished that failing to comply with the court's order regarding placement of the ankle bracelet may result in the revocation of his probation.  (*See* ECF 242).  In light of Defendant's previous reluctance to abide by the requirements of the location monitoring program for his home detention, the instant motion calls into question whether the motion to travel is merely an attempt to avoid home detention entirely.  Given Defendant's willingness to voluntarily seek and submit his most recent physical examination with Dr. E. Fred Schroeder, Jr., this also supports that medical diagnosis and treatment is adequate on Guam.

Based upon the foregoing, the Government firmly believes that Guam has adequate medical facilities for the Defendant's follow up.  Given the Probation Office's earlier Petition for violation of his home detention under the location monitoring program, if allowed to travel to

//
//
//
//
//

South Korea, the Government believes it is questionable that he would return to Guam to fulfill his sentence of home detention. Therefore, the Government asks this Court to deny the Defendant's request to travel to Seoul, South Korea.

RESPECTFULLY SUBMITTED this 25th day of May 2017.

SHAWN N. ANDERSON
Acting United States Attorney
District of Guam

By: /s/ Stephen F. Leon Guerrero
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

By: /s/ Belinda Alcantara
BELINDA ALCANTARA
Assistant U.S. Attorney